UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE BLOOMER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-4071 |
| ROCK ISLAND POLICE OFFICERS WILLIAMS and GILLMAN, ROCK ISLAND JAILERS YOUNG, HEMPHILL, PICKETT, and ABBOTT, and MARSHALL DOUGLAS in their individual and official capacities, . | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Rock Island Police Officer Williams' and Defendant Rock Island Police Officer Gillman's (the "Officers") Motion to Dismiss. For the reasons set forth below, the Officers' Motion to Dismiss [#4] is DENIED.

**PROCEDURAL HISTORY**

On August 29, 2005, Plaintiff Steve Bloomer ("Bloomer") filed a civil action in this Court alleging certain civil rights violations and violations of Illinois state law against multiple defendants. On September 12, 2005, prior to any of the Defendants filing a responsive pleading, Bloomer filed an Amended Complaint. Bloomer did not add any additional parties in his Amended Complaint but rather dropped some of the original defendants, added a state court claim, added more detail with respect to many of his claims, and added some items to his prayer for relief.

In response to the Amended Complaint, the Officers filed a Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The Officers argue that Bloomer's claim is

subject to the two-year statute of limitations that applies to Federal Civil Rights claims filed under 28 U.S.C. § 1983. Specifically, they claim that Bloomer's allegations arise out of an incident that occurred on August 30, 2003 and that Bloomer's claim is barred by the statute of limitations because his complaint was not filed until September 12, 2005, over two years after the incident. Bloomer did not file a Response to the Officers' Motion to Dismiss and therefore, pursuant to Local Rule 7.1, the Court will proceed to rule on the Motion.

## DISCUSSION

Bloomer's claim is not barred by the statute of limitations. As the Officers correctly note, in Illinois, a two-year statute of limitations applies to cases brought pursuant to 28 U.S.C. § 1983, *see Licari v. City of Chicago*, 298 F.3d 664, 667–68 (7th Cir. 2002), and the date when the statute began to run in this case is August 30, 2003. However, the Officers have failed to recognize, and in fact, failed to even address the impact that Federal Rule of Civil Procedure 15© has on their statute of limitations defense. Rule 15© states:

> © Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> * * *
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading

Fed. R. Civ. P. 15(c)(2).

This Rule clearly applies in this case. As in his original Complaint, all of Bloomer's additions to his Amended Complaint arose out of the same incident that occurred on August 30, 2003. Therefore, the relevant date for statute of limitations purposes is not September 12, 2005. The proper date for determining whether the statute of limitations bars Bloomer's claims is August

29, 2005, because the date that the Amended Complaint was filed relates back to the date of the original Complaint. Accordingly, Bloomer's claim is not barred by the statute of limitations because Bloomer's Complaint was filed on August 29, 2005, less than two years after August 30, 2003 when the incidents giving rise to his lawsuit occurred. The Officers' Motion to Dismiss [#4] is DENIED. The Officers are directed to file a responsive pleading in this case within fourteen days of the date of this Order.

      ENTERED on the 24th day of January, 2006.

                                                 s/ Michael M. Mihm
                                                 Michael M. Mihm
                                                 United States District Judge